Carmela Montuori
vs. } No. 91694.
Russell C. Wiatt

### DECISION.

February 15, 1934.

CARPENTER, J. This is an action brought by the plaintiff to recover damages for personal injuries.

From the evidence this Court finds the following facts. The plaintiff, together with several other people, engaged the defendant, who was the operator of a certain automobile used for hire, to convey the plaintiff and others to a funeral at St. Francis Cemetery. They returned from the cemetery and proceeded down Smithfield Avenue, along Silver Spring Street and then along Ledge Street, so-called. As they were going along Ledge Street at a reasonable rate of speed, a child about five or six years old left the sidewalk on the right hand side and ran across the street. There was nothing on the street to obstruct the view of the driver of the automobile and nothing to prevent him from seeing the child when it left the right hand sidewalk. The child had proceeded about fifteen or twenty feet to the center of the street before the driver of the automobile observed it, the automobile being then some fifteen or twenty feet from the child. The driver immediately put on his brakes and stopped the car almost on the spot. The sudden stopping of the car threw the plaintiff from the rear seat where she was sitting to the floor, her head striking one of the small seats in front of her. Her head was cut, her shoulder wrenched and bruised, and there were other bruises about her body. She was attended by Dr. Luongo for some time.

To find these facts, the Court relies upon the evidence of a gentleman who sat in the front seat of the automobile and, as far as the Court could

see, was the only disinterested person who testified during the trial. The Court feels that it can rely upon the evidence which he gave.

From these facts and from other evidence given at the trial, the Court finds that the plaintiff was in the exercise of due care and that, under the circumstances surrounding the case, the defendant was guilty of negligence in allowing his car to run so close to the child before he observed that it was necessary for him to bring his car to such a sudden stop that he endangered the passengers he had in his car. The Court feels that this negligence was the cause of the injury to the plaintiff and, therefore, finds for the plaintiff as to liability.

As to the question of damages, the Court feels that the injuries may have been exaggerated a little, perhaps, but we have the evidence of the doctor who attended the plaintiff, and who as far as this Court knows is a reputable physician, and he has made a charge of $126 for his services. The defendant produced Dr. Palmer, who also testified as to what he saw two weeks after the accident. The plaintiff also made twelve visits to the Rhode Island Hospital for some electrical treatments. The plaintiff was unable to do her work and, because of this inability, her husband required the services of his daughter for some time, and the daughter in order to care for her mother left a position from which she received $12 per week.

The Court feels that the plaintiff in this case is entitled to a decision for $350 to compensate her for injuries received and for the pain and suffering which she endured.

For plaintiff: Michael Addeo.

For defendant: Sherwood & Clifford.